## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 19, 1916.

MARY E. PRESTON
VS.
JAMES B. PRESTON.

*Benjamin L. Freeny* for complainant.
*Niles, Wolff, Barton & Morrow* for defendant.

BOND, J.—

Bearing in mind the continued good relations of the husband and the wife during their separation, the fact that it was the husband who brought the wife the testimony necessary to support her suit, and the existence of complaints by him against her, the charge of collusion made by the petitioner has considerable foundation in the undisputed facts. If it is collusion merely to agree that one of the married pair shall apply for a divorce and the other shall let the case go by default, presenting no defense, then it would have been at least difficult for the Court to grant the divorce in this case with knowledge of all the facts. Sheehan vs. Sheehan, 77 N. J. Eq. 411.

But the courts in this country seem, almost without exception, to have taken the view that a decree of divorce should not be opened upon the application of one of the colluding parties, in the absence of any fraud or duress exercised upon that party to procure the collusion. If both have voluntarily joined in a fraud upon the court, neither will be given any relief from it. The interest of the public, which will prevent a divorce when collusion is known before the decree, does not alone ordinarily move the court to upset the decree, once it is entered. Greene vs. Greene, 2 Gray 361; Miltimore vs. Miltimore, 40 Pa. St. 151; In re. Brigham, petitioner, 176 Mass. 223; note in 133 Amer. St. Rep. 436. And I do not find any element in this case which would, under the authorities cited, justify opening this decree.

The petition and supplemental petition in this case ask only a rehearing; but the parties have agreed in open court that all matters now in controversy, the validity of the decree and the propriety of the award of custody of the children to the mother, shall be determined as fully as if all possible relief had been specifically prayed. And testimony and argument were heard accordingly. I think the record of the case should be amended to conform to this agreement, and prayers added to serve as the basis of a modification of the decree. For I have concluded that a modification is needed.

The question of the custody of the children is, of course, an open one at all times, under our statute. And I am quite satisfied that here the older boy and girl should remain with the father, and the younger boy, Gerald, should remain with the mother.

An order will be signed accordingly.